J. V. McNicholas Transfer Co. et al., Appellants, *v.*
Public Utilities Commission of Ohio et al., Appellees.

(No. 75-62—Decided October 22, 1975.)

*Paul F. Berry Co., L. P. A.* and *Mr. Richard L. Goodman*, for appellants J. V. McNicholas Transfer Co. and others.

*Mr. William J. Brown*, attorney general, *Mr. Charles S. Rawlings* and *Mr. Robert T. Maison*, for appellee Public Utilities Commission.

*Messrs. Muldoon, Pemberton & Ferris* and *Mr. James W. Muldoon*, for appellee G. F. Trucking Co.

*Per Curiam.* The issue in this appeal is whether the September 27, 1974, order of the commission was "unlawful or unreasonable." R. C. 4903.13.

It is undisputed that at the hearing on G. F.'s application for a certificate of convenience and necessity sufficient evidence was presented to justify approval of the certificate. No other motor transportation company held a certificate to serve Milton Township, and various local businessmen and shippers appeared or signed statements of support for the application, as noted in the attorney-examiner's report filed on January 22, 1973. From that date until the issuance of the final order and opinion, 20 months later, and seven months after the enlargement of the Youngstown Commercial Zone, no motion to reopen was filed, although Rule 19, Section 1.20 of the commission's Code of Rules and Regulations permits any party who has entered an appearance in a proceeding before the commission to apply for a reopening of the proceeding after final submission but before a final order has issued. Appellants herein belatedly filed to reopen the proceeding 28 days after the final order.

Under R. C. 4921.10, "[b]efore granting any certificate the commission shall take into consideration other existing transportation facilities in the territory for which the certificate is sought. If it appears from the evidence that the service furnished by existing transportation facilities is reasonably adequate, the commission shall not grant such certificate."

In the instant case, the evidence presented at the hearing was sufficient to establish that existing transportation

facilities were not reasonably adequate, and no further evidence was presented, as might have been done under a motion to reopen. On the evidence thus presented, the order was not unlawful.

Appellants further contend that they were entitled to 60-day notice of the granting of the G. F. certificate.

R. C. 4921.10 provides, in pertinent part:

"On a finding of the commission that any motor transportation company does not give convenient and necessary service in accordance with the order of such commission, such motor transportation company shall be given a reasonable time, not less than sixty days, to provide such service before any existing certificate is canceled or a new certificate granted over the route or for the territory mentioned in the finding and order of, or hearing before, the commission."

No finding was made in the instant case that any motor transportation company was not providing "convenient and necessary service in accordance with an order of * * * [the] commission" to Milton Township. The undisputed evidence at the hearing was that no such company was in fact subject to any order to give service to the area. No finding that a company failed to give convenient and necessary service could have been made and none was made. Therefore, no notice was required to any such company under R. C. 4921.10.

Finally, appellants argue that the practical effect of the September 27, 1974, order by the commission was to authorize service broader in scope than that requested in the application and in excess of the need established by the evidence. However, the certificate granted is, by its terms, the certificate G. F. applied for, and is the certificate upon which the hearing was held and evidence taken.

The function of this court upon review of an order of the commission is to ascertain whether such order was unlawful or unreasonable. Here, the certificate granted by the order is the same certificate originally applied for, the statutorily mandated procedure for review has been followed, and the order of the commission is supported by evi-

dence adduced at a hearing which has not been reopened. No unlawfulness appears from those facts.

The commission, in its opinion and order, did properly take administrative notice that the enlargement of the Youngstown Commercial Zone to include, among other areas, Milton Township, effectively impressed upon the applicant a duty to serve the entire commercial area. G. F. may, by foresight or luck, have thereby received a windfall, and the commission could well have chosen, in its discretion, either to reopen the proceeding on its own motion or, to "attach such conditions to the exercise of the rights granted by such certificates as, in its judgment, the public convenience and necessity require," under R. C. 4921.10.

Yet, there are cogent reasons for the commission to rely upon the evidence as adduced at its public hearings, and the decision to reopen such hearings on its own motion because of subsequent developments, or to attach conditions to the certificate, lies largely within the judgment and discretion of the commission.

" 'To hold otherwise unduly burdens * * * [the] commission, requiring it again to reconsider and re-evaluate evidence of public need already considered. It unduly burdens the applicant, requiring him to twice assume the burden of proof and twice to show a public need for his service. Most important of all, to hold otherwise unduly prejudices shippers and receivers of freight, necessitating that they attend two or more hearings instead of one, and making it increasingly difficult for them to receive a service adequate to their reasonable needs.' " *Marks* v. *Pub. Util. Comm.* (1961), 171 Ohio St. 425, 431, 172 N. E. 2d 12.

Upon consideration of the record, the court finds the commission's order to be neither unlawful nor unreasonable, and it is, therefore, affirmed.

*Order affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and W. BROWN, JJ., concur.